UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD EDWARD WEST, | ) | 1:03-CV-05231-LJO-TAG-HC |
| | ) | |
| Petitioner, | ) | REPORT AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS; ORDER TO FILE |
| | ) | OBJECTIONS WITHIN TWENTY DAYS |
| TOM L. CAREY, | ) | (Doc. 1) |
| | ) | |
| Respondent. | ) | ORDER FOR CLERK TO SERVE |
| | ) | PETITIONER AT TWO ADDRESSES |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On February 23, 2007, the Court issued an order reassigning the present action to District Judge Lawrence J. O'Neill and served the order on Petitioner. (Doc. 41). On March 14, 2007, the order served on Petitioner was returned by the U.S. Postal Service as undeliverable. The envelope stated that Petitioner could not be located at the California State Prison in Vacaville, California. (Doc. 42).

Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court advised of his or her current address at all times. Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a Petitioner in propria persona by the Clerk is returned by the U.S. Postal Service, and if such Petitioner fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

1    In the instant case, over sixty days have passed since Petitioner's mail was returned and he has not notified the Court of a current address.[1]

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending for nearly two years since it was remanded to the Court. The Court cannot hold this case in abeyance indefinitely based on Petitioner's failure to notify the court of his address. The third factor, risk of prejudice to Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the Court's inability to communicate with Petitioner based on Petitioner's failure to keep the Court advised of his current address, no lesser sanction is feasible.

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for Petitioner's failure to prosecute. This Report and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a

---

[1] On March 4, 2005, Petitioner filed a notice of change of address to a street address in Turlock, California: 1317 Myrtle Street #1, Turlock, CA 95380. Due to evidence that Petitioner remained incarcerated at the California State Prison in Vacaville, the Court did not change Petitioner's address of record to the street address, and the Court has continued to serve Petitioner at the prison address. The Court notified Petitioner that the Court would not use the street address for service, and Petitioner has not responded with a different address. Petitioner's mail has been returned to the Court as undeliverable since December 23, 2005. In an abundance of caution, the Court shall serve the instant order on Petitioner at both the prison address and the street address.

document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

The Clerk is DIRECTED to serve a copy of this order on Petitioner at the following two (2) addresses:

(1) Ronald Edward West  T-27863
California State Prison Solano
2100 Peabody Road
P.O. Box 4000
Vacaville, CA  95696

(2) Ronald Edward West
1317 Myrtle Street #1
Turlock, CA  95380

IT IS SO ORDERED.

Dated:   **May 25, 2007**                                             **/s/ Theresa A. Goldner**
                                                                                              UNITED STATES MAGISTRATE JUDGE